**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| June Gosar, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   10 C 4518 |
| | ) | |
| Creditors Interchange Receivable | ) | |
| Management, LLC, a Delaware limited | ) | |
| liability company and LVNV Funding, | ) | |
| LLC, a Delaware limited liability | ) | |
| company, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, June Gosar, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) parts of the acts and transactions occurred here; and, b) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, June Gosar ("Gosar"), is a citizen of the State of Ohio, from whom Defendants attempted to collect a delinquent consumer debt that she owed for a Citibank credit card. These collection actions took place despite the fact that she had

told Defendants that she refused to pay the debt and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4.     Defendant, Creditors Interchange Receivable Management, LLC ("CIRM"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  In fact, Defendant CIRM was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant CIRM is licensed to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois, see, record from the Illinois Secretary of State, attached as Exhibit A.  In fact, Defendant CIRM conducts extensive and substantial business in Illinois.

6.     Defendant CIRM is licensed as a debt collection agency in the State of Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B.  In fact, Defendant CIRM acts as a collection agency in Illinois.

7.     Defendant, LVNV Funding, LLC ("LVNV"), is a Delaware limited liability company, which act as debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts, including delinquent consumer debts in the Northern District of Illinois.  In fact, Defendant LVNV was acting as a debt collector as to the delinquent consumer debt which it had its agent, Defendant CIRM, attempt to collect from Ms. Gosar.

2

8.      Defendant LVNV is a bad debt buyer that specializes in buying portfolios of defaulted consumer debts for pennies on the dollar, the full amount of which debts it then attempts to collect via other collection firms, like Defendant CIRM.

9.      Defendant LVNV is licensed to conduct business in Illinois and maintains a registered agent here.  <u>See</u>, record from the Illinois Secretary of State, attached as Exhibit <u>C</u>.  In fact, Defendant LVNV conducts business in Illinois.

10.      Defendant LVNV is licensed to act as collection agency in Illinois.  <u>See</u>, record from the Illinois Division of Professional Regulation, attached as Exhibit <u>D</u>.  In fact, Defendant LVNV acts as a debt collector in Illinois.

## FACTUAL ALLEGATIONS

11.      Ms. Gosar is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for a Citibank credit card.  At some point in time, after that debt became delinquent, it was sold to Defendant LVNV, which then hired Defendant CIRM to collect it.  When Defendants began trying to collect the Citibank/LVNV debt from Ms. Gosar, by sending her an initial form collection letter, dated April 23, 2010, she sought the assistance of the legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.  A copy of this collection letter is attached as Exhibit <u>E</u>.

12.      Accordingly, on May 12, 2010, one of Ms. Gosar's attorneys at LASPD informed Defendants, in writing, that Ms. Gosar was represented by counsel, and directed Defendants to cease contacting her and to cease all further collection activities because Ms. Gosar was forced, by her financial circumstances, to refuse to pay her

3

unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit F.

13.     Nonetheless, despite being advised that Ms. Gosar was represented by counsel and refused to pay the debt, Defendants called Ms. Gosar several times to demand that she pay the Citibank debt, including, but not limited to, telephone calls on June 1, 2010 and June 29, 2010.

14.     Accordingly, on July 2, 2010, one of Ms. Gosar's LASPD attorneys wrote to Defendants, to again demand that they cease communication and cease collections. Copies of this letter and fax confirmation are attached as Exhibit G.

15.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

16.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

17.     Plaintiff adopts and realleges ¶¶ 1-16.

18.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

19.     Here, the letter from Ms. Gosar's agent, LASPD, told Defendants to cease communications and to cease collections (Exhibit F).  By continuing to communicate regarding this debt and demanding payment, Defendants violated § 1692c(c) of the

4

FDCPA.

20.     Defendants' violations of § 1692c(c) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

21.     Plaintiff adopts and realleges ¶¶ 1-16.

22.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

23.     Defendants knew, or readily could have known, that Ms. Gosar was represented by counsel in connection with her debts because her attorneys at LASPD had informed Defendants, in writing (Exhibit F), that Ms. Gosar was represented by counsel, and had demanded a cessation of communications with him.  Thus, by calling Ms. Gosar, Defendants violated § 1692c(a)(2) of the FDCPA.

24.     Defendants' violations of § 1692c(a)(2) of the FDCPA render them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

Plaintiff, June Gosar, prays that this Court:

1.     Find that Defendants' debt collection actions violated the FDCPA;

2.     Enter judgment in favor of Plaintiff Gosar, and against Defendants, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, June Gosar, demands trial by jury.

June Gosar,

By: /s/ David J. Philipps____
One of Plaintiff's Attorneys

Dated:  July 20, 2010

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps      (Ill. Bar No. 06197113)
Philipps & Philipps, Ltd.
9760 S. Roberts Road, Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com